## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| NationsRent, Inc., *et al.*,[1] | Case Nos. 01-11628 through 01-11639 (PJW) |
| | Jointly Administered |
| Debtors. | Chapter 11 |
| NationsRent Unsecured Creditors' Liquidating Trust, Perry Mandarino, not personally, but as Trustee | |
| Plaintiff, | Case No. 04-CV-1026 (KAJ) |
| v. | |
| Bobcat Company, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND COMPLAINT

Perry Mandarino, Plaintiff and Trustee (the "Trustee") of the NationsRent

Unsecured Creditors' Liquidating Trust (the "Trust"), submits this memorandum of law in

support of the Motion for Leave to Amend Complaint (the "Motion") and respectfully

states as follows:

### BACKGROUND

The Adversary Proceeding

On December 17, 2001, NationsRent, Inc. and certain of its affiliates (the

"Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code

---

[1]     NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On May 14, 2003, the Bankruptcy Court entered an order approving the First Amended Joint Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Trust was created to, *inter alia,* pursue avoidance actions on behalf of the general unsecured creditors of the Debtors' estates. Perry Mandarino was appointed Trustee for the Trust.

On December 15, 2003, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing in the Bankruptcy Court the Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint"). The Complaint seeks to avoid and recover preferential transfers (the "Preferential Transfers") made by checks payable to Bobcat Company and names Bobcat Company as the defendant.

On February 6, 2004, the Trustee served the Complaint and the Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons") by United States Certified Mail, return receipt requested, on the following: (a) Clark Equipment Company, Bobcat Company, 200 Chestnut Ridge Road, Woodcliff Lake, NJ 07677-7703 (the "New Jersey Address"); and (b) Bobcat Company, 250 East Beaton Drive, West Fargo, ND 58078 (the "North Dakota Address"). A copy of the Certificate of Service regarding the Complaint and Summons is attached hereto as Exhibit A.

On February 9, 2004, the Complaint and Summons were received at the New Jersey Address. A copy of the Return Receipt regarding service of the Summons and Complaint is attached hereto as Exhibit B.

On April 19, 2004, Clark Equipment Company d/b/a Bobcat Company ("Clark") filed the Answer and Affirmative Defenses of Bobcat Company to Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Answer"), in which it admitted that "it is an unincorporated business unit of Clark Equipment Company with a mailing address at 250 East Beaton Drive, West Fargo, ND 58078."[1]   In the Answer, Clark did not contest service or service of process of the Complaint.  A true and correct copy of the Answer is attached hereto as Exhibit C.

On August 23, 2004, the United States District Court for the District of Delaware (the "Court") withdrew the reference of the Adversary Proceeding to Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

The Parties' Discussions

Since commencement of the Adversary Proceeding, the parties have engaged in informal discussions regarding the named defendant in the Adversary Proceeding and the Trustee's intent to seek leave to amend the Complaint.

On October 14, 2004, counsel for the Trustee spoke to counsel for Clark and advised that the Trustee intended to file a motion to amend the Complaint to change the named defendant and asked whether Clark would be willing to stipulate to the amendment to minimize costs incurred by the parties.  Counsel for Clark stated that the Defendants do not contest process or service of process and that they would speak to Clark regarding entering into a stipulation to amend the Complaint.  Based on statements made by counsel for Clark, the Trustee anticipated that the parties would stipulate to the amendment.

---

[1]  Clark and Bobcat Company are collectively referred to herein as "Clark."

On July 8, 2005, counsel for Clark sent a letter (the "July 8 Letter") to counsel for the Trustee pursuant to the Order: (I) Setting Procedures to Facilitate Settlement of the Above-Captioned Adversary Proceedings, and (II) Setting October 11, 2005 at 10:00 a.m. as a Status/Scheduling Conference Date in the Above-Captioned Adversary Proceedings. The July 8 Letter attached a copy of a Security Agreement dated March 24, 2000, as amended, entered into by Ingersoll-Rand Company ("Ingersoll-Rand") and the Debtors regarding the business transactions between the parties.[2]    The Security Agreement applied to the merchandise and equipment sold by Ingersoll-Rand and "any of its divisions and subsidiaries (including Bobcat Company, an unincorporated business unit of Clark Equipment Company, a wholly owned subsidiary of Ingersoll-Rand Company)." The Security Agreement shows that the New Jersey Address is a business address for Ingersoll-Rand.  A true and correct copy of the Security Agreement is attached hereto as Exhibit D.

On August 19, 2005, counsel for Trustee sent a letter to counsel for Clark again advising Clark of the Trustee's intention to file a motion seeking leave to amend the Complaint and requesting that Clark advise the Trustee whether it would be willing to stipulate to the amendment.

On November 18, 2005, counsel for Trustee sent electronic correspondence to counsel for Clark requesting that Clark advise the Trustee whether it would be willing to stipulate to an amendment of the Complaint.

On December 1, 2005, counsel for Clark sent electronic correspondence to counsel for the Trustee stating that they did not have authority to consent to an amendment of the Complaint.

---

[2]  Clark, Bobcat Company and Ingersoll-Rand are collectively referred to herein as the "Defendants."

Presently, the Trustee is unable to determine from the business records and documents in his possession which of the Defendants received the benefit of the Preferential Transfers.

## ARGUMENT

By the Motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, the Trustee seeks an order (i) granting him leave to amend the Complaint to include Clark Equipment Company d/b/a Bobcat Company and Ingersoll-Rand Company as the named defendants in the Adversary Proceeding and (ii) relating the amended complaint back to the date of the filing of the Complaint. A clean copy and a black line copy of the proposed amended complaint (the "Amended Complaint") are attached hereto as Exhibits E and F, respectively.

**A.** **The Trustee Should Be Granted Leave to Amend the Complaint.**

Rule 15(a) of the Federal Rules provides that a party may amend a pleading by leave of Court or by written consent of the adverse party, and that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

The United States Court of Appeals for the Third Circuit has held that a liberal approach towards granting leave to amend a pleading ensures that a particular claim will be judged on its merits rather than on technicalities. *See Dole v. Arco Chem. Co.,* 921 F. 2d 484, 487 (3d Cir. 1990); *Proctor & Gamble Co. v. Nabisco Brands, Inc.* 125 F.R.D. 405, 408 (D. Del. 1987).

The standard to be applied in ruling on a motion to amend has been clearly set forth by the Supreme Court, and routinely applied by the Third Circuit and this Court, as follows:

> In the absence of any apparent or any declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, utility of the amendment, etc. - the leave sought should, as the rules require, the "freely given."

*Forman v. Davis,* 371 U.S. 178, 182 (1962); *Heyl and Patterson Intern., Inc. v. F.D. Rich Housing,* 663 F. 2d 419, 425 (3d Cir. 1981), c*ert. denied*, 455 U.S. 1018 (1982); *Proctor and Gamble,* 125 F.R.D. at 408.

Application of the foregoing standard to the present case warrants that the Trustee be granted leave to amend the Complaint pursuant to Rule 15(a) of the Federal Rules.

The Trustee has acted in good faith without undue delay or dilatory motive in seeking to amend the Complaint. The Trustee first learned that the defendant may have been incorrectly named when Clark filed the Answer. After Clark filed its Answer, the Trustee advised the Defendants that he intended to seek to amend the Complaint. Based on counsels' October 14 discussion, the Trustee anticipated that the parties would stipulate to the amendment to minimize costs. The Defendants recently advised the Trustee that they were unwilling to stipulate to the relief sought and the Trustee has promptly filed this Motion.

The Defendants will not suffer any prejudice if the Trustee is granted leave to amend the Complaint. As discussed in detail below, both Clark and Ingersoll-Rand were served with the Complaint in February of 2004. The Defendants do not contest process

or service of process.  Therefore, both Clark and Ingersoll-Rand received timely notice of the commencement of the Adversary Proceeding.  In response to the Complaint, Clark filed the Answer and has defended the Adversary Proceeding since its commencement. Moreover, discovery has recently begun.  On November 17, 2005, the Trustee served written discovery requests.  To date, no further written discovery has been served and no depositions have been taken.  Therefore, the Defendants will not suffer any prejudice preparing their defense if leave to amend is granted.

Based on the foregoing, the Trustee submits respectfully that leave be granted to amend the Complaint in the interests of justice.

**B.    The Amended Complaint Should Relate Back to the Date of the Filing of the Complaint.**

Rule 15(c) of the Federal Rules provides that an amendment of a pleading relates back to the date of the original pleading when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party of the name of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense of the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

F.R.C.P. 15(c); *see also Official Committee of Unsecured Creditors v. Hurberries Mining (In re Centennial Coal, Inc.),* No. Adv. 00-1650, 2001 WL 1820015, at *1 (Bankr. D. Del. Aug. 28, 2001).

Here, the Amended Complaint should relate back to the date of the filing of the Complaint under Rule 15(c)(3) of the Federal Rules because (i) the claims asserted in the

Amended Complaint arise out of the same conduct, transaction, or occurrence set forth in the Complaint, and (ii) the Defendants received timely notice of the commencement of the Adversary Proceeding and knew or should have known that the Adversary Proceeding would have been brought against them but for the mistaken identity of the named defendant.

> **1.    The Claims Asserted in the Amended Complaint Arise Out of the Same Conduct, Transaction, or Occurrence Set Forth in the Complaint**

The Trustee seeks only to amend the Complaint to change the named defendants in the Adversary Proceeding to Clark and Ingersoll-Rand in order to conform the pleadings to the facts. The Trustee's claims in the Amended Complaint are identical to those contained in the Complaint. No substantive amendments were made in the Amended Complaint. Therefore, the Trustee's claims in the Amended Complaint arise out of the same conduct, transaction, or occurrence as the claims in the Complaint under Rule 15(c)(2) of the Federal Rules. *See e.g. Hurberries Mining,* 2001 WL 1820015; *Official Committee of the Unsecured Creditors of Color Tile, Inc. (In re Color Tile, Inc.),* Civ. A. 98-358, 2000 WL 152129, at *6 (Bankr. D. Del. Feb. 9, 2000) (an amendment that changes only the defendant name arises out of the same conduct, transaction, or occurrence).

> **2.    The Defendants Received Timely Notice of the Commencement of the Adversary Proceeding and Knew or Should Have Known that the Adversary Proceeding Would Have Been Brought Against Them**

Clark and Ingersoll-Rand received timely notice of the Complaint and the commencement of the Adversary Proceeding. On February 9, 2004, the Complaint was received at the New Jersey Address, which is a business address for Ingersoll-Rand. *See*

Return Receipt, Exhibit B; Security Agreement, Exhibit D.  In addition, the Complaint was served on the North Dakota Address, which is a mailing address for Clark.  *See* Answer, Exhibit C.  The Trustee has not received any returned mail, including service of the Complaint, regarding the North Dakota Address.  In response to the Complaint, Clark filed the Answer and has defended the Adversary Proceeding since its commencement.

The Preferential Transfers identified on Exhibit A to the Complaint were made by checks payable to "Bobcat Company."  Ingersoll-Rand was a party to the Security Agreement, which applied to the merchandise and equipment sold by Ingersoll-Rand and "any of its divisions and subsidiaries" including Clark and Bobcat Company.  *See* Security Agreement, Exhibit D.  Clark is a wholly owned subsidiary of Ingersoll-Rand. Bobcat Company is an unincorporated business unit of Clark.  When the original party and the party to be included in the amended pleading are closely related in their business operations or other activities, the institution of an action against one entity can provide notice to the other entity.  *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.)*, 307 B.R. 787, 794 (Bankr. D. Del. 2004).  Corporate officers in common, representation by the same counsel, or parent-subsidiary relationships may also support the assertion that the party to be added to an amended complaint received notice of the action within the requisite time frame.  *Id.*

Based on the foregoing, Clark and Ingersoll-Rand knew or, at the very least, should have known that, but for a mistake concerning the identity of the named defendant, the action would have been brought against one or both of them.  Therefore, the Trustee submits respectfully that the Amended Complaint relate back the date of the filing of the Complaint under Rule 15(c)(3) of the Federal Rules.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order pursuant to Rule 15(c) of the Federal Rules granting him leave to amend the Complaint to include Clark Equipment Company d/b/a Bobcat Company and Ingersoll-Rand Company as the named defendants in the Adversary Proceeding and relating the Amended Complaint back to the date of the filing of the Complaint.

Dated: December 15, 2005                    THE BAYARD FIRM

Neil B. Glassman, Esq. (No. 2087)
Ashley B. Stitzer (No. 3891)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000

Attorneys for Perry Mandarino,
Trustee of the NationsRent Unsecured
Creditors' Liquidating Trust

610736v2