# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONSRENT, INC., et al., | ) | Case No. 01-11628 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| NATIONSRENT UNSECURED CREDITOR'S LIQUIDATING TRUST, PERRY MANDARINO, not personally, BUT AS TRUSTEE, | ) ) ) ) ) | Adversary No. 03-59749 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BOBCAT COMPANY | ) ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES OF BOBCAT COMPANY TO ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Clark Equipment Company d/b/a Bobcat Company ("Defendant"), by and through its undersigned attorneys, as and for its Answer and Affirmative Defenses to Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed by Perry Mandarino, not personally, but as Trustee for the NationsRent, Inc. Unsecured Creditor's Liquidating Trust ("Plaintiff"), respectfully states:

#7919.1

Docket No. 5
Date Filed 4/19/04

<u>INTRODUCTION</u>

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 1 of the Complaint which are therefore denied.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 2 of the Complaint which are therefore denied.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the Complaint which are therefore denied.

4. Defendant admits only that it is an unincorporated business unit of Clark Equipment Company with a mailing address at 250 East Beaton Drive, West Fargo, ND 58078.

<u>JURISDICTION AND VENUE</u>

5. The first sentence of paragraph 5 of the Complaint contains a legal conclusion to which no response is necessary. In response to the second sentence, Defendant admits that proceedings to determine, avoid or recover transfers pursuant to §§ 547 and 550 of the Bankruptcy Code are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O). To the extent that this proceeding is determined to be non-core, Defendant does not consent to the entry of judgment by the Bankruptcy Court.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is necessary.

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is necessary.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS

8. Defendant repeats and realleges its answers and responses to the foregoing paragraphs as if set forth at length herein.

9. This allegation is vague, overly broad and not well-plead because, *inter alia*, it fails to identify which of the Debtors (as defined in the Complaint) made the alleged transfer(s) to Defendant. By way of further response, Defendant respectfully refers the Court to "Exhibit A" for its content and meaning, if any, and denies the allegations contained in paragraph 9 for the reasons set forth above.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 10 of the Complaint which are therefore denied.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 11 of the Complaint which are therefore denied.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 12 of the Complaint which are therefore denied.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 13 of the Complaint which are therefore denied.

14. Denied. By way of further response, paragraph 14 of the

Complaint contains a legal conclusion to which no response is necessary.

15. Denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The transfers that are the subject of this Complaint (each a "Transfer" and collectively the "Transfers") were intended by the debtor transferor and Defendant to be a contemporaneous exchange for new value given and were in fact a substantially contemporaneous exchange. Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(1).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Transfers were made:

(a) in satisfaction of a debt incurred by the debtor transferor in the ordinary course of the business or financial affairs of the debtor transferor and Defendant;

(b) in the ordinary course of business or financial affairs of the debtor transferor and Defendant; and

(c) according to ordinary business terms.

Based upon the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(2).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

After or concurrently with the date of the Transfers, Defendant gave subsequent new value to or for the benefit of the debtor transferor that was not secured by an otherwise unavoidable security interest, and on account of such new value the debtor transferor did not make an otherwise unavoidable transfer to or for the benefit of

#7919.1                                    4

Defendant. Based upon the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(4).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The purported claims set forth in the Complaint are time-barred by the applicable provisions of 11 U.S.C. §§ 546 and 550 and the First Amended Joint Plan of Reorganization of NationsRent, Inc. et al.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, laches, recoupment and/or setoff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the Complaint fails to identity (i) the specific debtor transferor and (ii) the nature of the alleged antecedent debt on account of which the alleged transfers were made.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its rights under Federal Rule of Bankruptcy Procedure 7017 because it is not an entity capable of being sued; rather, Defendant is an unincorporated business unit of Clark Equipment Company.

WHEREFORE, Defendant respectfully requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, together with such other and further relief as it deems just and proper.

Dated: April 19, 2004
       Wilmington, Delaware

                          JASPAN SCHLESINGER HOFFMAN LLP

                          */s/ Frederick B. Rosner*
                          Frederick B. Rosner (No. 3995)
                          1201 N. Orange Street, Suite 1001
                          Wilmington, Delaware 19801
                          Telephone: (302) 351-8000
                          Facsimile: (302) 351-8010

                          Counsel to Bobcat Company