# EXHIBIT D

Case 1:04-cv-01026-KAJ    Document 28-5    Filed 12/15/2005    Page 1 of 5

NOV. 11 2003 9:34AM  I-R CREDIT 908-238-5843                   NO. 9215  P. 3/5
M/R. 27. 2000  5:42PM    INGERSOLL RAND C&FS                   NO. 3015  P. 2

# INGERSOLL-RAND

Ingersoll-Rand Company
200 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07675

## SECURITY AGREEMENT

1. This Security Agreement shall apply to all merchandise and equipment sold by Ingersoll-Rand Company and any of its divisions and subsidiaries including the Bobcat Company, an unincorporated business unit of Clark Equipment Company, a wholly owned subsidiary of Ingersoll-Rand Company (together, "Secured Party") to the undersigned, Nationalight, Inc. on credit and/or installment terms but only to the extent that (i) the same is subject to extended payable terms of 10 days or greater offered by Secured Party to the undersigned; and (ii) the Secured Party has not been paid in full for such merchandise and/or equipment ("Inventory").

2. As security for the prompt payment in full of our indebtedness to you with respect to the Inventory now owing and hereafter arising, and prompt performance of all our obligations to you, now existing and hereafter arising under this or any other agreement with respect to the Inventory, whether evidenced by instruments or not (all hereinafter "Obligations") we hereby grant to you a continuing lien and security interest in and to all of the Inventory and the proceeds thereof (the "Collateral").

3. The undersigned agrees to execute and deliver to you, in form reasonably acceptable to you, such financing statements, and other documents as you shall require to preserve and/or perfect your security interest in the Collateral. The undersigned will pay reasonable out of pocket expenses incurred in filing the same.

4. The undersigned will promptly pay to you the purchase price for all Inventory purchased by the undersigned from you under any agreement, according to the terms of the sale, whether evidenced by instruments or documents or by invoices only.

5. The sale by us of any item of Inventory purchased from you on credit shall immediately accelerate the balance of all installments of the purchase price thereof. We shall send you, within fifteen (15) days of such sale our payment for the full balance of the purchase price owing by us to you for such item of Inventory less early pay discounts if paid prior to term. The discount shall be calculated as follows: .85% times the number of full months paid before due date times the purchase price.

6. Unless the Collateral is being rented or leased to our customers, all Collateral shall be kept and maintained at the premises described on Exhibit A, as the same may be updated by us on a quarterly basis. You may upon 48 hours advance notice inspect any or all of the Collateral located at our premises, and we shall provide you with access to such records, data, information and reports relating to the Collateral as we may possess. You shall have complete access to our books and records relating to Collateral which may be inspected by you during the regular business hours of the day. In addition, we shall furnish you, at least semiannually, with such financial information, reports and statements as will accurately reflect the financial condition of the undersigned. We agree to keep and maintain a complete set of books and records reflecting the sales of your Collateral.

7. We shall maintain the Collateral free from all liens, encumbrances, and security interests (other than your security interest) superior in right to Secured Party's security interest (and we agree to cause any such superior liens to be removed within thirty (30) days written notice from you).

8. You recognize that the undersigned will be requested from time to time, in the regular course of its business, to lease, rent and sell to its customers Inventory to be used on the premises of such customers or on a construction site. You agree that we may do so subject however, to the following term and condition:

   i. The lease with such customer shall in all respect be subject and subordinate to all the terms, covenants and conditions of this agreement.

9. The undersigned warrants, covenants and agrees that

THERMO KING LAW DEPT    Fax:952-885-3520    Apr 13 2004 14:29    P.03

NOV. 11. 2003  9:35AM   I-R CREDIT 908-238-5843   NO. 9215   P. 4/5
MAR. 21. 2000  5:42PM   INGERSOLL RAND C&FS   NO. 3015   P. 3

6. Except as described in Sections 5, 7, and 8 hereof, the undersigned is the sole owner of the Collateral free from any lien, security interest or encumbrance, has the right to grant to you a security interest therein.

7. Except as described in Sections 5, 7, and 8 hereof, the undersigned shall not sell, encumber, remove, conceal or grant or permit any further security interest in the Collateral, nor part with possession of any thereof, nor permit the same to be used in violation of any law or ordinance.

8. The undersigned shall maintain the Collateral, subject to industry practices, in good condition and repair at the undersigned's sole expense.

9. The undersigned will pay all taxes levied on the Collateral, and will make due and timely payment or deposit of all Federal, State and local taxes, assessments or contributions required by Law and will execute and deliver to you on reasonable demand, appropriate Certificates attesting to the payment or deposit thereof.

10. The undersigned shall procure and maintain insurance on the Collateral so long as there are outstanding Obligations with respect to the Collateral against All Risks perils, naming you as Loss Payee, with insurer(s) reasonably satisfactory to you and shall deliver to you certificates of insurance. Said policy(ies) to be endorsed stating that it will not be cancelled without giving you thirty (30) day written notice of cancellation or material change affecting your interest.

11. Loss, theft, damage, destruction or seizure of the Collateral shall not relieve the undersigned from the payment of any Obligation secured hereby.

12. Subject to Section 10 b, in case of an event of default (as described in Section 10 hereof) in performing any warranty, covenant, or undertaking hereunder, you may with notice (but shall not be obliged to) procure the performance thereof and add the reasonable out-of-pocket cost thereof, with interest, to the Obligations secured hereby.

10. The occurrence of any of the following events or conditions shall, at your option constitute an event of default hereunder.

  a. Default in the due payment of any Obligation secured hereby.

  b. Failure of the undersigned to perform any material covenant or undertaking on the undersigned's part herein within fifteen (15) days after receiving written notice thereof from you.

  c. Institution of any proceeding by or against the undersigned's business under any bankruptcy or insolvency statute, or the undersigned's assignment for benefit of creditors, or the appointment of a receiver for the undersigned or the Collateral.

11. Upon the occurrence of any event of default, you may declare all of the undersigned's Obligations secured hereby immediately due and payable, and thereupon you shall have the right to take possession of the Collateral and shall have all other rights and remedies of a Secured Party under the Uniform Commercial Code. Unless the Collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, you shall give the undersigned reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or other intended disposition thereof is to be made. The undersigned agrees that the requirements of reasonable notice is mailed to the undersigned at the address of the undersigned shown below, not less than five (5) days prior to the sale or other disposition. Reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling, or the like shall include reasonable attorney's fees and legal expenses. You may require the undersigned to assemble the Collateral and make it available at a place to be designated by you. Your rights and remedies shall be cumulative.

12. The undersigned understands and agrees that Secured Party may assign its rights and interest in any of the Collateral by providing the undersigned written notice thereof subject to this security agreement and hereby consents to any such assignment.

13. This Security Agreement shall be construed and enforced according to the laws of the State of New Jersey. Waiver of any default shall not constitute waiver of any subsequent or other default. All rights granted to you herein shall inure to the benefit of your successors and assigns, and all Obligations of the undersigned shall bind his or its heirs, executors, personal representatives, successors and assigns.

THERMO KING LAW DEPT   Fax:952-885-3520   Apr 13 2004 14:29   P.04

```
NOV 11 2003  9 35AM  85475 1-R CREDIT 908-238-5843 RENT           NO 9215   P. 5/5
MAR. 2. 2000  5:43PM    INGERSOLL RAND C&FS                       NO. 3015  P. 4
```

CORPORATE

Dated: __3-24-00__

NATIONSRENT, INC.

By: _____(signature)_____

Name (Type or Print): __Dave Hill__

Title: __Assistant Controller__

Accepted:

INGERSOLL-RAND COMPANY

By: _____(signature)_____

Name (Type or Print): __STEPHEN STODDARD__

Title: __AREA CREDIT MANAGER__

Dated: _____

Corporate Acknowledgment

State of __OHIO__

S.S.

County of __FRANKLIN__

On the __24th__ day of __MARCH__, 2000, before me personally came __DAVID HILL__, to me known, who, being by me duly sworn, did depose and say that he is __ASSISTANT CONTROLLER__ of __NATIONSRENT__, the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed his name thereto by like order.

_____(signature) Margaret Ann Rodger_____
Notary Public

My commission expires: __9/23/04__

NOV. 11 2003 9:34AM    I-R CREDIT 908-238-5843                          NO 9215   P. 2/5

 **Ingersoll Rand**   Ingersoll-Rand Equipment | Credit & Financial Services
& Services Company | 1467 Route 31 South
P.O Box 980
Annandale, NJ 08801
(908) 238-5800
(908) 238-5843 Fax
www.ircmg.com

<u>VIA FEDEX</u>

October 2, 2001

John Scherer, Treasurer
NationsRent, Inc.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
(954) 760-6550

Re: Security Agreement Dated March 24, 2000

Dear John,

Please sign this letter below acknowledging that paragraphs 1 and 2 of that certain Security Agreement referenced above (copy attached) are hereby amended and restated in their entirety as follows:

1. This Security Agreement shall apply to the following: each particular item of merchandise and equipment sold by Ingersoll-Rand Company and any of its divisions and subsidiaries (including Bobcat Company, an unincorporated business unit of Clark Equipment Company, a wholly owned subsidiary of Ingersoll-Rand Company) (together, "Secured Party") to the undersigned, NationsRent, Inc. on credit and/or installment terms but only to the extent that the Secured Party has not been paid in full for such particular item of merchandise or equipment ("Inventory").

2. As security for the prompt payment in full of our indebtedness to you with respect to any given item of Inventory, whether now owing or hereafter arising, whether evidenced by instrument or not (all hereinafter "Obligations"), we hereby grant to you a security interest in and to such given item of Inventory and the proceeds thereof (the "Collateral").

After signing, please return this letter to my attention. Please feel free to call me direct at (908) 238-5838 should you require any clarification of the above. Thank you for your assistance in this matter.

Sincerely,

*[signature: Stephen Stoddard]*

Stephen Stoddard
Account Supervisor

ACKNOWLEDGED AND AGREED:
NationsRent, Inc.

By: _____
Name: _____
        John C. Scherer
        Assistant Treasurer
Title: _____

THERMO KING LAW DEPT    Fax:952-885-3520    Apr 13 2004 14:28    P. 02