# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NationsRent, Inc., *et a.l*[1], ) | Case No. 01-11628 thru 01-11639 (PJW) |
| ) | through 01-11639 (PJW) |
| Debtors ) | (Jointly Administered) |
| _____) | |
| ) | |
| NationsRest Unsecured Creditors' ) | |
| Liquidating Trust, Perry Mandarino, not ) | |
| Personally, but as Trustee ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-1026 (KAJ) |
| ) | |
| Bobcat Company, ) | |
| ) | |
| Defendant. ) | |

## OBJECTION TO MOTION OF TRUSTEE FOR
## LEAVE TO AMEND COMPLAINT AND MOTION TO DISMISS

Defendant, by its undersigned attorneys, objects to the Motion of the Trustee for Leave to Amend the Complaint ("Motion for Leave") and hereby moves to dismiss the Complaint and respectfully states as follows:

### Relevant Background

1. On December 15, 2003, two years after the filing of the petitions initiating these cases, and just two days prior to the expiration of the applicable statute of limitations, see 11 U.S.C. § 546, the Trustee commenced this adversary proceeding. The Trustee thereafter delayed nearly two months to serve the Summons and Complaint. The Complaint purports to name "Bobcat Company" as the purported defendant. In its Answer filed on April 19, 2004, Defendant asserts as an affirmative defense that "Bobcat Company" is not a legal entity capable

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

16104

of being sued.

2. Having been put on notice <u>nineteen (19) months</u> ago that the Complaint is fundamentally flawed, see FRCP 17, Plaintiff now, for the first time, seeks leave of the Court to remedy the defect by filing an Amended Complaint.

3. Plaintiff's counsel advises that in <u>October, 2004</u>, the "Trustee anticipated that the parties would stipulate to the amendment." That is not the case. Assuming, for the purpose of argument, that, in fact, was the Trustee's perception: <u>then why did the Trustee delay an additional fourteen (14) months to file the Motion for Leave</u>? Plaintiff's counsel also notes that Defendant sent a letter on July 8, 2005 to plaintiff's counsel identifying the many defenses to this action. That letter, <u>sent five months ago</u>, was required by Court Order and expressly states that the Plaintiff sued the wrong entity.

## Objection to Relief Requested

4. The statute of limitations for filing avoidance actions in these cases expired two years ago! The Motion for Leave was filed December 15, 2005, well past the §546(a) deadline for filing avoidance actions. See <u>In re Quality Botanical Ingredients, Inc.</u>, 249 B.R. 619, 629-30 (Bankr. D. N.J. 2000); <u>In re Metropolitan Co.</u>, 85 B.R. 783, 785-86 (Bankr. S.D. Ohio 1988). The Trustee has been on notice that the Adversary Complaint was filed against an entity that is not capable of being sued for approximately the same amount of time.

5. The Trustee offers no valid reason why its Motion for Leave was not timely filed. In the Motion for Leave the Trustee states:

> "The Trustee has acted in good faith without undue delay
> …." Trustee's Memorandum at p. 6.

6. Defendant disagrees with the Trustee's assertion. A two year delay in a simple preference case is too long. Although Fed. R. Civ. P. 15(a) permits a party to amend a

pleading by leave of court one of the primary considerations is whether there has been undue delay.  See Vision Metals, Inc. v. SMS Demas, Inc. (In re Vision Metals, Inc.), 311 B.R. 692, 202 (Bankr. D. Del. 2004).

## MOTION TO DISMISS

Defendant, by and through its undersigned attorneys, hereby appears for the limited purpose of moving this Court to dismiss the above-captioned adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7012(b) and respectfully states as follows:

### Relief Requested

1. By this Motion, Movant seeks to dismiss the Complaint.  "Bobcat Company" is not a proper defendant because it is not a legal entity capable of being sued.

### Argument

2. Bankruptcy Rule 7004(b)(3) states that service may be made by first class mail postage prepaid "[u]pon a domestic or foreign corporation . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."  (emphasis added)  Rule 17 of the FRCP requires that the entity being sued must possess the legal capacity to be sued (e.g. have a valid tax i.d. number).

3. As set forth in the Answer, Bobcat Company is not a corporation, and it is not even a legal entity capable of being sued.

4. This Court should dismiss the Adversary Proceeding pursuant to Bankruptcy Rules 7012 and 7017 on the grounds that the action has not been commenced against

a legal entity capable of being sued. The Eighth Circuit Court of Appeals has noted that a Plaintiff's failure to serve a proper legal entity is "baffling", in light of the fact that "[t]he use of trade names, operating divisions, and independent subdivisions … is hardly unusual." Adams v. Allied Signal General Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996). The Adams court further noted that "[t]he need to identify the proper corporate defendant is apparent to any practicing attorney."

5.   Pending resolution of this Motion, Defendant respectfully requests that its time to respond to Plaintiff's discovery be stayed.

WHEREFORE, Defendant respectfully requests that this Court enter an Order denying the Motion for Leave, dismissing the Complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

Dated: December 23, 2005
       Wilmington, Delaware

**JASPAN SCHLESINGER HOFFMAN LLP**

By:   */s/ Frederick B. Rosner*
      Frederick B. Rosner (3995)
      913 North Market Street, 12th Floor
      Wilmington, Delaware 19801
      Telephone: (302) 351-8000
      Facsimile: (302) 351-8010

      Counsel for Defendant