IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NationsRent, Inc., *et al.*,<br><br>                              Debtors. | Case Nos. 01-11628 through 01-11639 (PJW)<br><br>Jointly Administered<br><br>Chapter 11 |
| NationsRent Unsecured Creditors' Liquidating Trust, Perry Mandarino, not personally, but as Trustee<br><br>                              Plaintiff,<br>    v.<br><br>Bobcat Company,<br><br>                              Defendant. | Case No. 04-CV-1026 (KAJ) |

REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT AND
IN OPPOSITION TO MOTION TO DISMISS

Perry Mandarino, Plaintiff and Trustee (the "Trustee") of the NationsRent Unsecured Creditors' Liquidating Trust (the "Trust"), submits this reply memorandum of law in support of the Motion for Leave to Amend Complaint (the "Motion")[1] and in opposition to the Objection to Motion of Trustee for Leave to Amend Complaint and Motion to Dismiss (the "Objection") and respectfully states as follows:

ARGUMENT

A.    **The Motion Was Timely Filed And Without Undue Delay.**

The Trustee has acted in good faith without undue delay or dilatory motive in seeking to amend the Complaint. Counsel for the Trustee made several attempts to reach

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion and Memorandum of Law in support of the Motion.

610736v2

counsel for the Defendants during the Summer of 2004. On August 19, 2004, counsel for the Trustee was advised by Frederick D. Rosner, Esquire that his colleague, Jennifer Taylor, Esquire, was handling the matter on behalf of the Defendants. During a discussion on October 14, 2004, the parties decided to informally exchange documents and engaged in discussions to determine whether they could amicably resolve the Adversary Proceeding. When asked whether the Defendants would be willing to stipulate to an amendment of the Complaint, counsel for the Defendants advised undersigned counsel for the Trustee that she did not believe that the Defendants intended to dispute an amendment to the Complaint and did not anticipate that entering into a stipulation would be an issue. Since the October 14 discussion, the parties focused on the merits of their respective claims and defenses and informally exchanged documents and engaged in discussions.

The July 8 Letter was that first time that the Trustee learned that Ms. Taylor was no longer associated with defense counsel's firm and that Mr. Rosner was now handling the proceeding on behalf of the Defendants. On August 19 and November 18, 2005, the Trustee sent correspondence to Mr. Rosner inquiring whether the Defendants would be willing to stipulate to an amendment of the Complaint in an effort to minimize costs. The Defendants first advised the Trustee that they were not willing to enter into a stipulation on December 1, 2005. The Trustee promptly filed the Motion on December 15, 2005.

On October 18, 2005, the Court entered the Scheduling Order setting certain scheduling deadlines in the Adversary Proceeding. The Scheduling Order provides that the deadline to file motions to amend or supplement the pleadings is December 16, 2005. Thus, the Trustee filed the Motion in compliance with the Scheduling Order. Prior to the

scheduling conference on October 11, 2005, the Scheduling Order was circulated to defense counsel for comment, including counsel for the Defendants. The Defendants did not contact the Trustee prior to the scheduling conference to comment or object to the entry of the Scheduling Order. In addition, the Defendants did not object to the Scheduling Order at the scheduling conference. Despite the Defendants' lack of objection to and the Trustee's compliance with the Scheduling Order, the Defendants now argue that the Motion was not timely filed. Further, the Defendants' argument fails to consider the passage of time in the context of this Adversary Proceeding, which involved litigation relating to the timely commencement of the Adversary Proceeding pursuant to the Plan and settlement negotiation procedures set in the Court's Order entered on or about May 25, 2005.

The Defendants were aware of the Trustee's intent to seek an amendment of the Complaint since they filed the Answer. The Trustee filed timely the Motion pursuant to the Scheduling Order. Moreover, any delay by the Trustee in filing the Motion was due to his reliance on representations made by counsel for the Defendants during the parties' discussion and their course of conduct throughout the Adversary Proceeding. Therefore, the Trustee acted in good faith without undue delay in filing the Motion and seeking to amend the Complaint.

**B.     The Defendants Will Not Suffer Any Prejudice If Leave Is Granted To Amend The Complaint.**

In the Objection, the Defendants failed to identify any prejudice that will result if the Trustee is granted leave to amend the Complaint.

The Defendants received timely notice of the Complaint and the commencement of the Adversary Proceeding in February of 2004. On February 9, 2004, the Complaint

was received at the New Jersey Address, which is a business address for Ingersoll-Rand. In addition, the Complaint was served on the North Dakota Address, which is a mailing address for Clark. Clark entered its appearance in the Adversary Proceeding by filing the Answer and has defended the Adversary Proceeding since its commencement.

Moreover, discovery has just begun. On November 17, 2005, the Trustee served written discovery requests. To date, no further written discovery has been served and no depositions have been taken. Therefore, the Defendants will not suffer any prejudice defending the Adversary Proceeding if the Trustee is granted leave to amend the Complaint.

C.   **The Defendants' Motion to Dismiss Should Be Denied.**

In the Objection, the Defendants moved to dismiss the Adversary Proceeding under Rule 7012 and 7017 of the Bankruptcy Rules on the grounds that the Adversary Proceeding was not commenced against a legal entity capable of being sued. This motion is without merit.

In *Hechinger Investment Company of Delaware, Inc. v. Raytheon Company d/b/a Amana Refrigeration, Inc. (In re Hechinger Inv. Co. of Delaware, Inc.)*, 286 B.R. 591 (Bankr. D. Del. 2002), the plaintiff commenced an action against Raytheon Company d/b/a Amana Refrigeration, Inc. Amana filed an answer in response to the complaint and filed motions to dismiss the complaint and the amended complaint under Rule 7012 of the Bankruptcy Rules on the basis that the plaintiff failed to name a proper party in the complaint and that it had not been served with the complaint or summons.

The Court denied the defendant's motions to dismiss. Citing Rule 15(a) of the Federal Rules, the Court noted that "leave to amend shall be freely given when justice so

requires." Id., 286 B.R. at 593. The Court found that undue delay, bad faith, dilatory motive and futility did not exist in the case. The Court further found that the defendant would not suffer any prejudice if the plaintiff was permitted to amend its complaint. The Court stated as follows:

> "[The defendant] does not provide any reason why it would be prejudiced if [the p]laintiff was granted leave to amend. The amendment will not be prejudicial because [the defendant] had actual notice of the action and filed an answer on its own behalf. [The p]laintiff's amended complaint does not add substantive claims or alter the theory of the case. [The p]laintiff's sole reason for seeking this amendment is to correct the name of the defendant. [The defendant] has had knowledge of the substantive issues and is apparently prepared to defend as evidenced by its answer. This case has not proceeded past initial motions and only limited discovery has been conducted." Id., 286 at 593-94.

The *Hechinger* decision is directly on point with the present case. As discussed above, the Trustee acted in good faith without undue delay or dilatory motive in filing the Motion seeking to amend the Complaint. Further, the Defendants have failed to demonstrate that they would suffer any prejudice if the Trustee is granted leave to amend the Complaint. The Defendants had actual notice of the filing of the Complaint and commencement of the Adversary Proceeding. Clark filed the Answer in response to the Complaint and the Defendants have defended the Adversary Proceeding since its commencement. The Trustee seeks to amend the Complaint only to correct the named defendants. Finally, discovery has just begun and the Defendants will not be prejudiced preparing their defense.

Based on the foregoing, dismissal of the Complaint is improper and the Defendant's motion to dismiss should be denied.

**D.    The Defendants' Request to Stay the Time for Their Responses to the Trustee's Discovery Requests Should Be Denied.**

The Defendants' request that their time to respond to the Trustee's written discovery requests be stayed pending resolution of the Motion should be denied. On November 17, 2005, the Trustee served written discovery requests. To date, the Defendants have failed to respond to the discovery requests. Clark appeared in the Adversary Proceeding and filed the Answer in response to the Complaint. The Defendants have defended the Adversary Proceeding since its commencement. The Adversary Proceeding should continue on its present procedural track to prevent further delay.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (i) granting him leave to amend the Complaint to include Clark Equipment Company d/b/a Bobcat Company and Ingersoll-Rand Company as the named defendants in the Adversary Proceeding and relating the Amended Complaint back to the date of the filing of the Complaint pursuant to Rule 15(c) of the Federal Rules, (ii) denying the Defendants' motion to dismiss the Adversary Proceeding, (iii) denying the Defendants' request to stay their time to respond to the written discovery requests, and (iv) grant such other relief it deems proper.

Dated: December 30, 2005

THE BAYARD FIRM

/s/ Ashley B. Stitzer

Neil B. Glassman, Esq. (No. 2087)
Ashley B. Stitzer (No. 3891)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000

Attorneys for Perry Mandarino,
Trustee of the NationsRent Unsecured Creditors' Liquidating Trust