# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS
302-429-4212
astitzer@bayardfirm.com

March 28, 2006

**FILED ELECTRONICALLY**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 North King Street, Lock Box 10
Wilmington, DE 19801

    Re:    *NationsRent Unsecured Creditor's Liquidating Trust, Perry Mandarino, Not Personally, But as Trustee v. Bobcat Company;* Case No. 04-CV-1026

Dear Judge Jordan:

    Our firm represents Perry Mandarino, Plaintiff and Trustee (the "Trustee") of the NationsRent Unsecured Creditors' Liquidating Trust in the above-referenced proceeding. A telephonic hearing has been scheduled for March 30, 2006 at 9:30 a.m. regarding certain discovery and other issues in the proceeding. I write to provide you with information regarding the issues and the Trustee's position.

    On December 15, 2003, the Trustee commenced the proceeding by filing the Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") seeking to avoid and recover preferential transfers. On November 17, 2005, the Trustee served on the Defendant the Creditor Trust Trustee's First Set of Interrogatories Directed to Defendant and the Creditor Trust Trustee's First Request For the Production of Documents Directed to Defendant (collectively, the "Discovery Requests").

    On December 15, 2005, the Trustee filed the Motion for Leave to Amend Complaint (the "Motion") and the Memorandum of Law in support of the Motion seeking an order (i) granting leave to amend the Complaint to include Clark Equipment Company d/b/a Bobcat Company and Ingersoll-Rand Company as the named defendants in the proceeding and (ii) relating the amended complaint back to the date of the filing of the Complaint. On December 23, 2005, the above-captioned defendant (the "Defendant") filed the Objection to Motion of Trustee for Leave to Amend Complaint and Motion to Dismiss (the "Motion to Dismiss"). The parties fully briefed the Motion and the Motion to Dismiss.

    On February 1, 2006, a hearing (the "Hearing") was held before Your Honor on the Motion and Motion to Dismiss. At the Hearing, the parties reached an agreement resolving the Motion and the Motion to Dismiss, which was put on the record. The parties agreed that (i) the Defendant would provide the Trustee with the names of the immediate, mediate and subsequent transferees of the preferential transfers on or before February 15, 2006, (ii) the parties would file a stipulation amending the Complaint to name the correct corporate entities that were the

THE BAYARD FIRM

The Honorable Kent A. Jordan
March 28, 2006
Page 2 of 3

immediate, mediate and subsequent transferees of the preferential transfers, and (iii) the parties would file under certification of counsel a revised scheduling order extending the fact and expert discovery deadlines up to, but not beyond, the mediation date. The Court approved the parties' agreement, including the extension of the scheduling deadlines provided that the parties did not extend any deadlines beyond the mediation date.

On February 1, 2006, counsel for the Trustee sent electronic correspondence to counsel for the Defendant that attached a proposed scheduling order extending the scheduling deadlines and the Discovery Requests. On February 6, 2006, the parties reached an agreement regarding the proposed scheduling order. In addition, counsel for the Trustee sent electronic correspondence to counsel for the Defendant confirming that the Defendant would have 30 days from the date of the Hearing, i.e. March 3, 2006, to serve its responses to the Discovery Requests. Counsel for the Defendant agreed, but stated that he may ask for a few more days to serve responses to the Discovery Requests because he was transitioning firms. A true and correct copy of the parties' correspondence is attached hereto as Exhibit A. On February 8, 2006, Your Honor entered the proposed scheduling order (the "Scheduling Order").

On February 16, 2006, counsel for the Trustee sent electronic correspondence to counsel for the Defendant at Jaspan Schlesinger Hoffman LLP ("JSH") requesting that the Defendant provide the names of the correct entities to be named as defendants no later than February 17, 2006. On that same date, counsel for the Trustee received correspondence from Laurie Schenker Polleck, Esquire of JSH stating that counsel for the Defendant left JSH on February 14, 2006. On February 19, 2006, Ms. Polleck sent correspondence to counsel for the Trustee stating that the Defendant's client file was delivered to counsel for the Defendant at Duane Morris LLP on February 17, 2006. A true and correct copy of the correspondence is attached hereto as Exhibit B.

On February 20, 2006, counsel for the Trustee sent by facsimile written correspondence (the "February 20 Letter") to counsel for the Defendant again requesting that the Defendant provide the names of the correct entities to be named as defendants no later than February 22, 2006. On February 23, 2006 (the "February 23 Letter"), counsel for the Trustee sent correspondence to counsel for the Defendant requesting a response to the February 20 Letter. True and correct copies of the February 20 Letter and the February 23 Letter are attached hereto as Exhibit C.

On or about February 24, 2006, during a telephone conversation, counsel for the Defendant advised counsel for the Trustee that he had not received the complete file from JSH and that he was waiting for approval from his new firm's ethics counsel regarding a letter he intended to send to JSH. Counsel for the Defendant agreed that if the matter was not resolved in the near future, the Defendant would file a motion seeking an extension of the scheduling deadlines and state in the motion that the Trustee did not oppose the relief sought.

On February 28, 2006, during a telephone conversation, counsel for the parties again discussed that the Defendant would file a motion seeking an extension of the deadlines in the

621488v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
March 28, 2006
Page 3 of 3

Scheduling Order. On that same date, counsel for the Trustee again sent electronically the Discovery Requests to counsel for the Defendant.

On March 6, 2006, a teleconference was held before Magistrate Judge Mary Pat Thynge regarding the mediation during which counsel for the Defendant stated that he had possession of the client file, but that it did not include certain information contained on JSH's computer system.

On March 17, 2006, counsel for the Trustee sent electronic correspondence to counsel for the Defendant stating that the response to the Discovery Requests were due on March 3, 2006, that the Defendant had not provided the correct names of the immediate, mediate and subsequent transferees, and that, as a result, the Trustee has been unable to file the amended complaint and unable to determine whether any further discovery is needed relating to additional defendants. Counsel for the trustee further advised that if the parties were unable to resolve the issue in the near future, counsel would seek guidance from the Court. A true and correct copy of the correspondence is attached hereto as Exhibit D.

On March 20, 2006, the Defendant served the Defendant's First Set of Interrogatories to Plaintiff, the Defendant's First Request for Production of Documents and the Defendant's First Request for Admissions.

Presently, the fact discovery deadline is April 20, 2006, and the expert discovery deadline is June 1, 2006. Mediations are scheduled from June 5 through 12, 2006. To date, the Defendant has failed to provide the correct names of the immediate, mediate and subsequent transferees to date. Further, the Defendant has failed to serve its responses to the Discovery Requests. As a result, the Trustee has been unable to file the amended complaint and unable to determine whether any further discovery is needed. The Trustee appreciates that counsel for the Defendant has recently changed firms. However, counsel has had the client file in his possession since February 17, 2006. Further, if the file did not contain certain information from JSH's computer system, counsel could have obtained directly from the Defendant documents and information responsive to the Discovery Requests. Based on the foregoing, the Trustee respectfully requests that Your Honor grant the Trustee an extension of the discovery deadlines as Your Honor deems appropriate.

Respectfully submitted,

Ashley B. Stitzer

ABS/
File no. 28587-2
cc: Frederick B. Rosner, Esquire (Via Facsimile)
    Neil B. Glassman, Esquire

621488v1