UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>NATIONSRENT, INC., ET AL.,[1]<br><br>DEBTORS. | CASE NOS. 01-11628 THROUGH 01-11639 (PJW)<br><br>JOINTLY ADMINISTERED<br><br>CHAPTER: 11 |
| NATIONSRENT UNSECURED CREDITORS' LIQUIDATING TRUST, PERRY MANDARINO, NOT PERSONALLY, BUT AS TRUSTEE<br><br>PLAINTIFF,<br><br>V.<br><br>CLARK EQUIPMENT COMPANY D/B/A BOBCAT COMPANY AND INGERSOLL-RAND COMPANY,<br><br>DEFENDANTS. | CASE NO. 04-CV-1026 (KAJ) |

**AMENDED ADVERSARY COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

The NationsRent Unsecured Creditors' Liquidating Trust, Perry Mandarino, not personally, but as Trustee (the "Plaintiff"), by and through his attorneys, as and for his amended complaint to avoid and recover preferential transfers against defendants, Clark Equipment Company d/b/a Bobcat Company and Ingersoll-Rand Company (collectively, the "Defendants"), alleges upon knowledge, information and belief as follows:

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

611526v1

## INTRODUCTION

1. On December 17, 2001 (the "Petition Date"), NationsRent, Inc., a Delaware Corporation, and certain of its direct and indirect affiliates thereof (collectively, the "Debtors"), filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Court").

2. On May 14, 2003, the Court approved the First Amended Joint Plan of Reorganization of NationsRent, Inc., and its Debtor subsidiaries ("Plan").

3. Pursuant to the Plan, a trust ("Trust") was created to, among other things, pursue avoidance actions on behalf of the Debtors' general unsecured creditors. Perry Mandarino was appointed the Trustee of the Trust.

4. Ingersoll-Rand Company is a corporation which maintains a business address at 200 Chestnut Ridge Road, Woodcliff Lake, NJ 07677-7703. Clark Equipment Company d/b/a Bobcat Company is a corporation which maintains a mailing address at 250 East Beaton Drive, West Fargo, ND 58078.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F).

6. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §1409.

7. This matter arises under 11 U.S.C. §§547 and 550.

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS

8. Plaintiff repeats and realleges paragraphs 1-7 as if fully set forth herein.

9. Within 90 days of the Petition Date, the Debtors made transfers (the "Transfers") to one or more of the Defendants. The Transfers are itemized on Exhibit "A," a copy of which is attached hereto and incorporated herein by reference.

10. The Transfers made by the Debtors constitute transfers of an interest of the Debtors in property to or for the benefit of the Defendants.

11. The Transfers were for or on account of antecedent debts owed by the Debtors to the Defendants before the Transfers were made.

12. The Transfers were made while the Debtors were insolvent.

13. As a result of the Transfers, the Defendants received more than they would receive if: (a) the case was a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) they received payment of such debt to the extent provided by the provisions of Title 11.

14. After crediting Defendants for the new value given to the Debtors within 90 days of the Petition Date, the amount of the Transfers made by the Debtors to Defendants which are avoidable pursuant to 11 U.S.C. §547(b) is $120,948.00.

15. By reason of the foregoing, the Transfers made by the Debtors to the Defendants, net of the new value provided, are avoidable and recoverable by Plaintiff pursuant to 11 U.S.C. §§ 547(b) and 550.

WHEREFORE, Plaintiff requests the entry of judgment against Defendants (a) avoiding the aforementioned Transfers net of new value pursuant to 11 U.S.C. § 547; (b) directing Defendants to, pursuant to 11 U.S.C. § 550, immediately pay Plaintiff the sum of $120,948.00 together with pre- and post-judgment interest thereon; (c) awarding to Plaintiff costs, expenses and reasonable attorneys' fees as to which the Court finds are appropriate; and (d) granting such other and further relief as the Court deems just and equitable.

Dated: April 3, 2006

THE BAYARD FIRM

_/s/_____
Neil B. Glassman, Esq. (No. 2087)
Ashley B. Stitzer (No. 3891)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000

*Attorneys for Perry Mandarino,
Trustee of the NationsRent Unsecured
Creditors' Liquidating Trust*

611526v1

4