IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NationsRent, Inc., *et al.*, <br><br> Debtors. | Case Nos. 01-11628 through 01-11639 (PJW) <br><br> Jointly Administered <br><br> Chapter 11 |
| NationsRent Unsecured Creditors' Liquidating Trust, Perry Mandarino, not personally, but as Trustee <br><br> Plaintiff, <br><br> v. <br><br> Clark Equipment Company d/b/a Bobcat Company and Ingersoll-Rand Company, <br><br> Defendants. | Case No. 04-CV-1026 (KAJ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED ADVERSARY COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS PURSUANT TO U.S.C. §§ 547 AND 550**

Defendants, Clark Equipment Company d/b/a Bobcat Company ("Clark") and Ingersoll-Rand Company ("I-R" and, with Clark, the "Defendants"), by their undersigned counsel, as and for their Answer and Affirmative Defenses to Amended Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint"), respectfully state:

**Introduction**

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 1 of the Complaint which are therefore denied.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 2 of the Complaint which are therefore denied.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the Complaint which are therefore denied.

4. Defendants Ingersoll-Rand Company and Clark Equipment Company each admit the allegations set forth in Paragraph 4 of the Complaint except that the correct address for Ingersoll-Rand Company is 155 Chestnut Ridge Road, Montvale, NJ 07645

## Jurisdiction And Venue

5. The first sentence of paragraph 5 of the Complaint contains a legal conclusion to which no response is necessary.  In response to the allegations contained in the second sentence, Defendants admit that proceedings to determine, avoid or recover transfers pursuant to §§ 547 and 550 of the Bankruptcy Code are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is necessary.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is necessary.

## Count 1

## Avoidance of Preferential Transfers

8. Defendants repeat and reallege their response to all prior paragraphs as if fully set forth herein.

9. Paragraph 9 of the Complaint is vague, overly broad and not well-plead because it fails, inter alia, to identify the specific debtor transferor, the nature of the antecedent debt on account of which the alleged transfers were made, and the specific Defendant that received the alleged transfers.  Defendants therefore deny the allegations contained in Paragraph 9 of the Complaint, refer to Exhibit A for its content and meaning, if any, and leave Plaintiff to its burden.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 10 of the Complaint because they are overly broad and therefore denied.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 11 of the Complaint because they are overly broad and therefore denied.

12. Paragraph 12 of the Complaint contains a legal conclusion to which no response is necessary.

13. Paragraph 13 of the Complaint contains a legal conclusion to which no response is necessary.

14. Paragraph 14 of the Complaint contains a legal conclusion to which no response is necessary.

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is necessary.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The transfers that are the subject of this Complaint (each a "Transfer" and collectively the "Transfers") were intended by the Transferring Debtor and Defendant to be a contemporaneous exchange for new value given and were in fact a substantially contemporaneous exchange. Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(l).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Transfers were made:

(a) in satisfaction of a debt incurred by the Debtors in the ordinary course of the business or financial affairs of the Transferring Debtor and Defendant;

      (b)    in the ordinary course of business or financial affairs of the Transferring Debtor and Defendant; and

      (c)    according to ordinary business terms.

Based upon the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(2).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

After or concurrently with the date of the Transfers, Defendants gave subsequent new value to or for the benefit of the Debtors that was not secured by an otherwise unavoidable security interest, and on account of such new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendants. Based upon the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(4).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel and/or laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not a debtor in possession or a trustee appointed pursuant to Title 11 and therefore is without power to maintain avoidance actions under §§ 547 and 550 of Title 11.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants gave reasonably equivalent value to Debtors in exchange for any such transfers.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff is successful in recovering any of the alleged avoidable transfers, Defendants shall have a lien on such recovery to the extent provided in Section 548 of the Bankruptcy Code.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of judicial and equitable estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Defendants reserve all rights of setoff and recoupment, including a setoff and recoupment for any pre-petition and post-petition goods and services provided to the Debtors, for which payment has not been made.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations set forth in 11 U.S.C. § 546.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

This case should be dismissed because the Defendants at all relevant times had a security interest in certain collateral that secured the payment of all obligations that are the alleged transfers.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses if, during the course of this proceeding, such defenses become known to Defendants.

- 6 -

**WHEREFORE**, Defendants respectfully request that the Court enter an Order dismissing the Complaint in its entirety with prejudice, together with such other and further relief as it deems just and proper.

Dated: April 10, 2006           **DUANE MORRIS LLP**
       Wilmington, Delaware

/s/Frederick B. Rosner
Frederick B. Rosner (No. 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:     (302) 657-4900
Facsimile:      (302) 657-4901
E-mail:           fbrosner@duanemorris.com

*Counsel for Defendants*