UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>NATIONSRENT, INC., ET AL.,[1]<br><br><br>DEBTORS.<br>———————————————<br>NATIONSRENT UNSECURED CREDITORS'<br>LIQUIDATING TRUST, PERRY MANDARINO,<br>NOT PERSONALLY, BUT AS TRUSTEE<br><br><br>PLAINTIFF,<br><br>V.<br><br>CLARK EQUIPMENT COMPANY D/B/A BOBCAT<br>COMPANY AND INGERSOLL-RAND COMPANY,<br><br><br>DEFENDANTS. | CASE NOS. 01-11628 THROUGH 01-11639 (PJW)<br>JOINTLY ADMINISTERED<br>CHAPTER: 11<br><br><br><br>CASE NO. 04-CV-1026 (KAJ) |

**STIPULATION EXTENDING FACT DISCOVERY DEADLINE**

The NationsRent Unsecured Creditors' Liquidating Trust, Perry Mandarino, not personally, but as Trustee (the "Plaintiff") and Defendants Clark Equipment Company d/b/a Bobcat Company ("Clark") and Ingersoll-Rand Company ("Ingersoll", and collectively with Clark, the "Defendants"), by and through undersigned counsel, hereby stipulate (the "Stipulation") to extend the fact discovery deadline set forth in the Order entered by the Court on March 30, 2006, and state as follows:

**Recitals**

WHEREAS, on December 15, 2003, the Plaintiff commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Clark in the United

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by filing the Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") seeking to avoid and recover transfers under 11 U.S.C. §§ 547 and 550.

WHEREAS, on April 19, 2004, Clark filed the Answer and Affirmative Defenses of Bobcat Company to Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Answer").

WHEREAS, on August 23, 2004, the United States District Court for the District of Delaware (the "Court") withdrew the reference of the Adversary Proceeding to Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

WHEREAS, on February 7, 2006, the Court entered the Scheduling Order that, *inter alia*, set the fact discovery deadline on April 20, 2006, and the expert discovery deadline on June 1, 2006.

WHEREAS, on April 3, 2006, the Plaintiff filed the Amended Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Amended Complaint") against the Defendants.

WHEREAS, on April 10, 2006, the Defendants filed the Answer to the Amended Complaint.

WHEREAS, on March 30, 2006, after a telephonic hearing, the Court entered the Order extending the fact discovery deadline until May 4, 2006.

WHEREAS, on April 25, 2006, Magistrate Judge Thynge entered an Order that, *inter alia*, scheduled the Adversary Proceeding for mediation on June 7 through 9, 2006.

WHEREAS, on April 25, 2006, the Plaintiff served the Notice of Deposition noticing the deposition of Clark pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on May 3, 2006.

WHEREAS, due to difficulty in availability and scheduling of the witness for the Deposition, the parties agreed to extend the fact discovery deadline to allow additional time for the parties to complete discovery. The parties further agreed that the extension of the fact discovery deadline will not impact any other scheduling deadline in the Adversary Proceeding.

IT IS HEREBY STIPULATED AND AGREED THAT:

1.     On or before May 5, 2006, Clark shall provide to the Plaintiff the availability of the designee who will testify on its behalf at the Deposition during the weeks of May 8 and 15, 2006.

2.     The parties agree and stipulate that the fact discovery deadline is extended up to and including May 19, 2006.

3.     All other provisions contained in the Scheduling Order dated February 8, 2006, and the Order dated April 25, 2006, shall remain in effect.

Dated: May 4, 2006

THE BAYARD FIRM

Neil B. Glassman, Esq. (No. 2087)
Ashley B. Stitzer (No. 3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000

Attorneys for the Plaintiff

Dated: May 3, 2006                    DUANE MORRIS LLP


                                      Frederick B. Rosner (No. 3995)
                                      1100 North Market Street, Suite 1200
                                      Wilmington, DE 19801
                                      Telephone: (302) 657-4900
                                      Facsimile: (302) 657-4901

                                      Counsel for the Defendants



SO ORDERED this _____ day of _____, 2006.



                      _____
                      HONORABLE KENT A. JORDAN
                      United States District Court Judge

**Certification Pursuant to Rule 16.5 of the Local Rules of Civil Practice and
Procedure of the United States District Court for the District of Delaware**

I, Ashley B. Stitzer, hereby certify pursuant to Rule 16.5 of the Local Rules of
Civil Practice and Procedure of the United States District Court for the District of
Delaware that I have or will serve a copy of the Stipulation Extending Fact Discovery
Deadline on my client.

_____
Ashley B. Stitzer (No. 3891)

**Certification Pursuant to Rule 16.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware**

I, Frederick B. Rosner, hereby certify pursuant to Rule 16.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware that I have or will serve a copy of the Stipulation Extending Fact Discovery Deadline on my client.

Frederick B. Rosner (No. 3995)